UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

THOMAS MATTHEW PHILLIPS, SR., aka PAP'S     Case No. DG 07-07387
EXPRESS FREIGHT, LLC and NICOLE MARIE     Hon. Scott W. Dales
PHILLIPS, aka NICOLE MARIE COOK,     Chapter 7

       Debtors.
_____/

RANDY C. WEISSERT,     Adversary Pro. No. 07-80661

       Plaintiff,

v.

NICOLE M. PHILLIPS and THOMAS MATTHEW
PHILLIPS,

       Defendants.
_____/

**ORDER DENYING MOTION TO AMEND FINDINGS OF FACT AND JUDGMENT**

       PRESENT:    HONORABLE SCOTT W. DALES
                                 United States Bankruptcy Judge

      Following the court's entry of judgment, Defendants Nicole M. Phillips and Thomas M. Phillips ("Defendants") filed the Defendants' Motion to Amend Findings of Fact and Conclusions of Law and Motion to Amend Judgment (DN 101, the "Motion"). The court has carefully considered the Motion, the Plaintiff's Response (DN 110), and the Defendants' Reply (DN 111), and remains convinced that the Judgment and findings of fact should stand as previously entered.

      The gist of the Motion is that "Nurse Shattuck testified unequivocally that the injuries suffered by Nicole Phillips ("Nicole") were not consistent with "consensual sex" and Nurse Shattuck also testified unequivocally that the injuries suffered by Nicole were

consistent with Nicole being raped in the way she described." See Motion at ¶¶ 4-5, Reply at ¶¶ 12 and 19.

On direct examination, Nurse Shattuck testified that the injuries she observed were not consistent with consensual sex, but on cross-examination she stated she observed no bruising or abrasions on Nicole's upper body (where Nicole said Randy pressed his arm to choke her).  See Transcript Vol. II at p. 291, lines 18-20; id. at pp. 306 lines 24-25 through 307, lines 1-12. Nicole's hymen, vagina, labia majora, labia minora, and cervix were all within normal limits.  The cervical redness and oozing Nurse Shattuck did observe could be attributed to activity or conditions other than any kind of intercourse.   Id. at pp. 309 line 8 through 314, line 11.  Although Nurse Shattuck testified she would not have expected to see injury to the hymen of a sexually active rape victim, id. at pp. 331, lines 16-19, she also testified that the only injury she observed was to Nicole's perineum, an area not typically involved in sexual intercourse.

The court's conclusion, after considering Nurse Shattuck's testimony, is that the physical evidence as reported by Nurse Shattuck did not preponderate in favor of Nicole's versions of events, including the extreme rocking and banging that Nicole eventually came to report.

In reaching its decision, of course, the court also considered the testimony of all witnesses, as well as the other evidence, and concluded by a preponderance of the evidence that Nicole's testimony about the events of June 7, 2001 was not credible.

The court stands by its findings and will not amend them.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (DN 101) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Randy C. Weissert, John W. Ujlaky, Esq., Thomas M. and Nicole M. Phillips, and Brion B. Doyle, Esq.

**IT IS SO ORDERED.**

Scott W. Dales
United States Bankruptcy Judge

**Dated: May 19, 2009**